UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD PAUL POWELL,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

Civil Action No. 18-11338
HON. MARK A. GOLDSMITH

**OPINION & ORDER**
**(1) OVERRULING COMMISSIONER'S OBJECTIONS (Dkt. 13), (2) ACCEPTING THE RECOMMENDATION OF THE MAGISTRATE JUDGE (Dkt. 12), (3) DENYING COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT (Dkt. 11), (4) GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Dkt. 8), AND REMANDING THIS MATTER FOR FURTHER PROCEEDINGS UNDER SENTENCE FOUR OF 42 U.S.C. § 205(g)**

Plaintiff Donald Paul Powell appeals from the final determination of the Commissioner of Social Security that he is not entitled to Disability Insurance Benefits under Title II of the Social Security Act. The matter was referred to Magistrate Judge R. Steven Whalen for a Report and Recommendation ("R&R"). The parties filed cross-motions for summary judgment (Dkts. 8, 11), and Magistrate Judge Whalen issued an R&R recommending that the Court grant Powell's motion for summary judgment and deny Defendant's motion for summary judgment (Dkt. 12). Defendant filed objections to the R&R (Dkt. 13), Powell filed a response (Dkt. 14), and Defendant filed a reply brief (Dkt. 15-1).

For the reasons that follow, the Court overrules Defendant's objections and accepts the recommendation contained in the magistrate judge's R&R. Powell's motion is granted, and

1

Defendant's motion is denied. This matter is remanded to the administrative law judge for further proceedings.

## I. LEGAL STANDARD

The Court reviews de novo those portions of the R&R to which a specific objection has been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Under 42 U.S.C. § 405(g), this Court's "review is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" Ealy v. Comm'r of Soc. Sec., 594 F.3d 504, 512 (6th Cir. 2010) (quoting Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007)). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Lindsley v. Comm'r of Soc. Sec., 560 F.3d 601, 604 (6th Cir. 2009) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). In determining whether substantial evidence exists, the Court may "look to any evidence in the record, regardless of whether it has been cited by the [Administrative Law Judge ("ALJ")]." Heston v. Comm'r of Soc. Sec., 245 F.3d 528, 535 (6th Cir. 2001). "[T]he claimant bears the burden of producing sufficient evidence to show the existence of a disability." Watters v. Comm'r of Soc. Sec. Admin., 530 F. App'x 419, 425 (6th Cir. 2013).

## II. ANALYSIS

Defendant makes three objections to the R&R. First, he argues that the magistrate judge erred by finding substantial evidence did not support the ALJ's opinion that Powell's treating-physician's opinion was entitled to only partial weight. Second, he argues that the magistrate judge erred by considering the possible effect of the ALJ's RFC finding on a future application for benefits. And, finally, he argues that the magistrate judge erred by finding Powell's subjective complaints were not inconsistent with the record. The Court will address each argument in turn.

**A. Objection One**

Defendant argues that the magistrate judge erred by finding substantial evidence did not support the ALJ's opinion that Powell's treating-physician's opinion was entitled to only partial weight. Obj. at 2. Powell argues that the magistrate found correctly that the ALJ failed to give good reasons for assigning only partial weight to Dr. Michael Martone's opinion. Resp. at 1. Powell has the better part of the argument.

The treating-physician rule provides for the amount of deference a decision-maker must give to the opinions of a claimant's treating physician. Blakley v. Comm'r of Soc. Sec., 581 F.3d 399, 406 (6th Cir. 2009). The regulations define medical opinions as, "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [the claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite [the] impairment(s), and [the claimant's] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(2).[1] The treating source's opinion must be given "controlling weight" if the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." Id. § 404.1527(c)(2).

If the ALJ does not give the treating physician's opinion controlling weight, the ALJ must (i) determine how much weight to assign to the opinion, and (ii) support its determination of how much weight to give with "good reasons." See Friend v. Comm'r of Soc. Sec., 375 F. App'x 543, 550 (6th Cir. 2010); Smith v. Comm'r of Soc. Sec., 482 F.3d 873, 875 (6th Cir. 2007). In declining to give less than controlling weight to a treating physician's opinion, the ALJ must consider (1) "the length of the treatment relationship" (2) "the frequency of examination," (3) "the nature and extent of the treatment," (4) the "supportability of the opinion," (5) the "consistency . . . with the

---

[1] Although this regulation was replaced by 20 C.F.R. § 404.1520, it still applies to claims that were, as here, filed before March 27, 2017. 20 C.F.R. § 404.1527.

3

record as a whole," and, (6) "the specialization of the treating source." Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 544 (6th Cir. 2004); see also 20 C.F.R. § 404.1527(c)(2) (outlining factors to be applied in the event a treating physician's opinion is not given controlling weight). The ALJ's reasons must be "'sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" Rogers, 486 F.3d at 242 (quoting SSR 96-2p, 1996 WL 374188, at *5). A failure to sufficiently identify those reasons or how those reasons affected the ALJ's consideration of the treating-source opinion "denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." Id. at 243.

Here, Dr. Martone filled out a physical medical source statement describing Powell's limitations. AR 440. He found that in a competitive work environment, Powell was limited to sitting or standing for only ten minutes at a time for a maximum of two hours in an eight-hour workday. AR 441. He also found that Powell would need to walk at least ten minutes every hour and would need unscheduled breaks three to four times a day for up to twenty minutes (due to his muscle weakness and pain). Id. He noted that Powell could only use his dominant hand and arm for approximately forty percent of the workday. AR 442. When asked how much Powell would likely be "off task" at work, Dr. Martone indicated more than twenty-five percent of the time and that he would miss four days of work a month. AR 443. The ALJ gave Dr. Martone's opinion only partial weight. AR 15.

The ALJ discounted Dr. Martone's opinion based on a note at the top of the statement. In the note, Dr. Martone said the following:

> I filled out [the] form based upon input from patient and subsequent discussions, I feel the input from the patient was reasonable, but if there are conflicts between my assessment and PM&R assessment, I defer to PM&R assessment.

4

AR 440. The ALJ discounted his opinion because "importantly, Dr. Martone indicated he completed this statement with the claimant's input, and that he would defer to a physical medicine assessment if one were done and if it conflicted with this statement." AR 15. The ALJ reasoned that Dr. Martone's statement "reflected the claimant's subjective complaints more than Dr. Martone's objective opinion. . . . And the doctor's statement that he would defer to a physical medicine assessment indicates that he is not that firmly convinced of these limitations." Id. The ALJ reads too much into Dr. Martone's innocuous note.

The Court has two concerns with the ALJ's reasoning. First, it is a mischaracterization to suggest that Dr. Martone filled out the form based predominantly on Powell's input. He filled it out "based upon input from patient and subsequent discussions." This reflects nothing more than the standard doctor and patient relationship. Dr. Martone asked Powell about his subjective symptoms and engaged in subsequent discussions to better understand the symptoms. Dr. Martone then compared the subjective symptoms to the objective medical evidence and reached the medical assessment reflected in his statement. Dr. Martone's statement cannot reasonably be read as adopting Powell's subjective statements as his own professional assessment. Second, Dr. Martone noted that he would defer to a PM&R assessment. The ALJ appears to understand PM&R to equate to a "physical medicine assessment." But PM&R might also refer to "physical medicine and rehabilitation," also known as physiatry, which is a medical specialty that treats, among other things, musculoskeletal injuries such as back and neck pain. If that is the case, Dr. Martone simply said that if his opinion, as Powell's primary care physician, contradicted with a medical specialist, he would defer to that opinion. Deference to a medical specialist is not unusual, nor does it in any way undercut Dr. Martone's assessment, especially when there does not appear to be a specialist's opinion in the record that contradicts Dr. Martone's opinions. Therefore, the ALJ did not give "good reasons" for giving Dr. Martone's opinion less than controlling weight.

5

Defendant argues that treating-source physician opinions "are only given . . . deference when supported by objective medical evidence," Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2004). Obj. at 4-5. While that is true, as noted above, where the ALJ does not assign a treating physician's opinion controlling weight, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." Blakley, 581 F.3d at 406.

Here, the ALJ gave partial weight to Dr. Martone's opinion based on an erroneous reading of Dr. Martone's note and failed to consider any of the factors outlined in 20 C.F.R. § 404.1527(c)(2). Defendant attempts to shore up the ALJ opinion by addressing some of the factors. See Obj. at 6-7 (noting Dr. Martone's treatment frequency and nature of treatment). But even assuming the opinion is not supported by other substantial evidence in the record, it does not necessarily follow that the opinion should be rejected as a whole; such opinions are still awarded considerable deference and must be weighed according to the appropriate factors. Id.

Because the ALJ did not provide good reasons for giving Dr. Martone's opinion less than controlling weight and did not follow the appropriate procedural requirements, remand is warranted, regardless of whether the record as a whole supports the ALJ's determination. See Rogers, 486 F.3d at 243; see also Wilson, 378 F.3d at 546 ("A court cannot excuse the denial of a mandatory procedural protection simply because . . . there is sufficient evidence in the record for the ALJ to discount the treating source's opinion . . . ."). Accordingly, Defendant's first objection is overruled because the ALJ's failure to properly consider Dr. Martone's treating-source opinion denotes a lack of substantial evidence. See Rogers, 486 F.3d at 242 (quoting SSR 96-2p, 1996 WL 374188, at *5).

### B. Objection Two

Defendant argues that the magistrate judge erred by considering the possible effect of the ALJ's RFC finding on any future applications Powell may submit for benefits. Obj. at 7. The magistrate judge explained that even if on remand the ALJ found Powell able to perform work only at the sedentary exertional level, and therefore still not entitled to benefits, this would have a possible impact on any future applications for benefits. R&R at 17-18. Powell was forty-nine when the magistrate judge issued his R&R. The magistrate judge noted that when Powell turns fifty, an RFC finding at the sedentary exertional level would entitle him to benefits, whereas a finding at the light work exertional level would not. Id. at 18. Therefore, the magistrate judge posited, an improper RFC finding in this case would make it more difficult to obtain benefits in any subsequent application for benefits. Id. Powell, on the other hand, argues that this objection is moot, because on July 19, 2019, Powell was awarded disability benefits on a subsequent application for benefits. Resp. at 3; see also Not. of Decision, Ex. 1 to Pl. Resp. (Dkt. 14-1). However, Defendant does not concede the point and argues that the Court cannot consider this subsequent favorable decision. Reply at 2. Defendant is mistaken.

Defendant argues that since this Court's review is limited to the evidence before the ALJ, it cannot consider the subsequent decision. Id. But Powell is not arguing that the subsequent decision is new evidence that this Court should consider in reviewing the ALJ's disability determination. Defendant's argument is that the magistrate judge's finding that an improper RFC determination may adversely effect Powell's future disability benefits applications was in error. Powell offers the subsequent ALJ decision to show that the issue is moot. Courts may take judicial notice from sources whose accuracy cannot reasonably be questioned. See Sias v. Sec'y of Health & Human Servs., 861 F.2d 475, 480 (6th Cir. 1988) (taking judicial notice of the "massive body of medical opinion supporting the advice the claimant received from his doctor on the subject of

7

cigarette smoking"). Because the subsequent ALJ decision cannot reasonably be questioned, the Court will take judicial notice of the decision.

Based on the subsequent ALJ decision, the Court finds Defendant's objection moot. The "test for mootness is whether the relief sought would, if granted, make a difference to the legal interests of the parties." McPherson v. Mich. High Sch. Athletic Ass'n, Inc., 119 F.3d 453, 458 (6th Cir. 1997) (en banc) (internal quotations and citations omitted). Powell already received disability benefits from a subsequent disability insurance benefits application. Therefore, any concern raised by the magistrate with respect to Powell's ability to obtain benefits on a subsequent application has been rendered moot. Defendant's second objection is overruled.

## C. Objection Three

In his final objection, Defendant argues that the magistrate judge erred by finding Powell's subjective complaints were not inconsistent with the record. Obj. at 9. The Court disagrees.

The magistrate judge explained that it was difficult to understand how the ALJ reached her opinion that Powell's statements regarding the intensity, persistence, and limiting effects of his condition were not entirely consistent with the record. R&R at 20. The ALJ offered the following explanation:

> The claimant testified he had neck, right arm and left leg pain and needed to lie down for relief 30-45 minutes 5-6 times a day. He said he had right arm weakness and left leg numbness. He estimated he could lift less than a gallon of milk and sit or stand 20 minutes each but had to shift positions. He testified that he had to lie down multiple times per day. He also indicated that depression affected his ability to work.
>
> After considering the evidence, I find the claimant's [medically determinable impairments] could reasonably be expected to produce the alleged symptoms; however, his statements concerning their intensity, persistence and limiting effects are not entirely consistent with the evidence. Accordingly, I considered these statements and their [e]ffect [on] the claimant's ability to work only to the extent they can reasonably be accepted as consistent with the evidence.

8

AR 14. The ALJ then reviews Powell's medical records and gives a factual account of his medical history, but the ALJ never explains what in the records is inconsistent with Powell's statements. See AR 14-15.

In his objection, Defendant carefully parses Powell's medical history and attempts to make explicit what the ALJ left implicit in her opinion. See Obj. at 10-12. However, the Court is not persuaded that attempting to discern the ALJ's reasoning is the best course of action, especially in light of the Court's finding that the ALJ failed to give good reasons for discounting Dr. Martone's treating-source opinion. Powell's subjective symptoms appear to be consistent with Dr. Martone's opinion. The Court will remand this matter to the ALJ for further explanation as to why Powell's subjective statements are inconsistent with the record and what impact, if any, Dr. Martone's opinion has on that explanation. Accordingly, Defendant's final objection is overruled.

### III. CONCLUSION

For the above-stated reasons, the Court overrules the Defendant's objections (Dkt. 13) and accepts the recommendation contained in the magistrate judge's R&R (Dkt. 12). Defendant's motion for summary judgment (Dkt. 11) is denied. Powell's motion for summary judgment (Dkt. 8) is granted and this matter is remanded to the Commissioner for further administrative proceedings consistent with this opinion pursuant to Sentence Four of Section 205 of the Social Security Act, 42 U.S.C. § 405(g).

SO ORDERED.

Dated: September 26, 2019             s/Mark A. Goldsmith
   Detroit, Michigan               MARK A. GOLDSMITH
                                           United States District Judge